UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CONSENT ORDER AND |
| v. ) | JUDGMENT OF FORFEITURE |
| ) | |
| (3) OSWALDO ANDRES FIGUEROA-MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

FILED
CHARLOTTE, N.C.
SEP 28 2009
U.S. DISTRICT COURT
W. DIST. OF N.C.

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant, 21 U.S.C. § 841, 21 U.S.C. § 846, 21 U.S.C. § 853, 21 U.S.C. § 881 and/or 28 U.S.C. § 2461(c):

**The sum of approximately $1.8 million, including $758,617.00 seized on June 16, 2009;**

**One .45 caliber Glock 21 semi-automatic handgun, serial number LDY488;**

**One .50 caliber Magnum Research, Inc Desert Eagle handgun, serial number 37204096;**

**One .233 caliber Panther Arms model A-15 rifle, serial number FH13843; and**

**any and all ammunition seized on June 16, 2009.**

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 21 U.S.C. § 841, 21 U.S.C. § 846, 21 U.S.C. § 853, 21 U.S.C. § 881 and/or 28 U.S.C. § 2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion, deem to be legally sufficient, and waives any and all right to further notice of such process or such destruction.

EDWARD R. RYAN
ACTING UNITED STATES ATTORNEY

_____
KELLI H. FERRY, ESQ.
Assistant United States Attorney

_____
OSWALDO ANDRES FIGUEROA-
MARTINEZ
Defendant

_____
DEKE FALLS, ESQ.
Attorney for Defendant

Signed this the 28 day of Sept., 2009.

_____
UNITED STATES Magistrate JUDGE